IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Darius T. Hicks, | ) | |
|    Petitioner, | ) | |
| | ) | |
| v. | ) | 1:09cv569 (LO/TCB) |
| | ) | |
| Tracy S. Ray, | ) | |
|    Respondent. | ) | |

FILED AUG 12 2010

## MEMORANDUM OPINION

Darius T. Hicks, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction in the Circuit Court for the County of Fairfax, Virginia of first degree murder, use of a firearm in the commission of a murder, and killing of a fetus. Respondent has filed a Motion to Dismiss and Rule 5 Answer, with two supporting briefs and an affidavit from petitioner's trial counsel, Vanessa Antoun. Hicks was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed multiple oppositions to the Motion to Dismiss. Petitioner also filed a motion requesting permission to file another response to the Motion to Dismiss, a motion for a federal habeas hearing, and a motion for appointment of counsel. For the reasons that follow, petitioner's request to file an additional reply will be granted, the other motions will be denied, and his claims will be dismissed.

### I. Background

On November 24, 2004, Shawndre Fulton, who was eight months pregnant with a child who was thought to be Hicks's, was murdered. Fulton and Hicks had dated for eight or ten months before her death, and the relationship had grown troubled. (Trial Tr. 2, 152-56.) On one occasion, Fulton's mother observed Hicks "fussing . . . and hollering at her, and then he had

swung and hit her in the face." (Id. at 157.) Three months before her death, a family friend saw Hicks hitting Fulton, who was noticeably pregnant, and "screaming at her . . . you're cheating on me . . . ." (Trial Tr. 1, at 256.) The week before the murder, a friend of Hicks's observed him remove a gun from his waist, and several times before trial that friend identified the gun she had seen as looking similar to the murder weapon. (Id. at 224.) Several days before the murder, the same friend overheard Hicks stating that if he saw "Shawndre with another guy, he would kill that bitch." (Id. at 202.) Hicks repeated that same threat later that day, in the presence of another acquaintance and Fulton, who appeared "frightened" and "terrified." (Id. at 225-29.) On the evening of her death, Fulton spoke with Hicks on the phone and informed Hicks that she had to leave the home she shared with her mother to attend a class at the South County Building. (Id. at 163.) A few minutes later, Hicks arrived at Fulton's home and banged loudly on the door. When Fulton's mother informed Hicks that Fulton had already left for her class, Hicks hit the front door with what "sounded like a heavy object." (Id. at 164.) Fulton arrived at her class shortly after 6:00 PM that evening. (Id. at 165.) At around 8:00 PM that night, a man living hear Mount Vernon Woods Park heard a gunshot. (Id. at 237.)

At around 1:30 AM, two men went into Mount Vernon Woods Park to drink and stumbled upon Fulton's body. (Id. at 246-48.) When officers arrived, they found eight .22 caliber cartridge casings nearby and determined that her body was cold to the touch, and medics could not find a fetal heartbeat. (Id. at 268-69.) On December 10, 2004, Hicks was interrogated in Florida about the murder and he provided conflicting statements, first admitting he shot Fulton by accident, and then denying he had shot her, and then admitting again that he shot her accidentally. (Supp. Tr. 28-29, 33; Trial Tr. 2, 278.)

On December 8, 2005, following a jury trial, Hicks was found guilty of first degree murder, use of a firearm in commission of a murder, and killing of a fetus. Case No. FE2004-106985. He was sentenced to life in prison plus 43 years. Hicks took a direct appeal to the Court of Appeals of Virginia, which affirmed his conviction. Hicks v. Commonwealth, Case No. 0430-06-4 (Va. Ct. App. Sept. 20, 2006). Hicks sought further review by the Virginia Supreme Court, but his petition for appeal was refused. Hicks v. Commonwealth, R. No. 071172 (Va. Oct. 25, 2007).

On October 28, 2008, Hicks filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, raising the following claims:

A. Ineffective assistance of counsel where trial counsel (i) conceded that petitioner had threatened the victim and assaulted a witness; (ii) failed to put on evidence that the victim had denied her previous allegations that petitioner had assaulted and abducted her and that those charges had been nolle prosequied; (iii) filed a motion in limine to exclude evidence of prior bad acts; (iv) failed to present evidence to corroborate petitioner's alibi; (v) failed to impeach Detective Milefsky, who was a witness; (vi) failed to impeach Milefsky about a statement petitioner made to him; (vii) failed to elicit evidentiary facts that were material to petitioner's alibi defense; (viii) cross-examined witnesses with fruitless questions; and (ix) raised the wrong arguments in a motion to strike;

B. Bias of the trial judge;

C. Denial of due process where the prosecution failed to call every witness that knew something about the case;

D. Intentional misrepresentation of a police officer's testimony by the prosecution;

E. Abuse of trial court's discretion in not informing all the parties that it had received a note from the jury foreperson that she and several jurors were falling asleep and had difficulty hearing a tape; and

F. Failure by the prosecution to meet its burden of proof.

The Supreme Court of Virginia dismissed the petition. Hicks v. Warden, Red Onion State Prison, R. No. 082103 (Va. Apr. 16, 2009). On June 18, 2009, petitioner timely filed the instant petition, raising the following claims:

> A. Ineffective assistance of counsel in that his attorney (1) did not present "evidence of affirmation-no assault no abduction," (2) abandoned a "verified alibi defense" and instead argued "accidental shooting," (3) did not present certain corroborating evidence, (4) failed to impeach a witness, (5) failed to "perjure witness;" and (6) failed to move to suppress the Commonwealth's evidence "on burden of proof grounds",[1]
>
> B. The evidence was insufficient to support the convictions;
>
> C. The trial judge was biased as reflected by certain remarks and actions that he undertook on behalf of the prosecution;
>
> D. The prosecutor failed to meet his obligation to call every witness with knowledge of the case; and
>
> E. The trial court abused its discretion in (1) permitting the Commonwealth to question a witness as an adverse witness, (2) admitting an autopsy photograph of the fetus, (3) not properly instructing the jury on the limited purpose for which the evidence could be considered, and (4) admitting certain bad acts evidence that was unduly prejudicial.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or is based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A

---

[1] Claim (A)(6) was raised in a separate memorandum petitioner sent to the Court, not in his original habeas petition. Respondent addressed this claim in a supplemental brief in support of its Motion to Dismiss. See Dkt. # 35 at ¶10.

4

state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### III. Procedural Default

Claims B, C, and D are procedurally barred from federal review. A state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris, 489 U.S. at 259. Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). The Fourth Circuit has held that the procedural default rule established in Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974) constitutes an adequate and independent state-law ground for decision. See, e.g., Vinson v. True, 436 F.3d 412, 417 (4th Cir. 2006).

When these two requirements are met, federal courts may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Muncy, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

Here, the Supreme Court of Virginia dismissed claims B, C, and D as procedurally defaulted, pursuant to Slayton, 205 S.E.2d at 680, because these non-jurisdictional issues could have been raised at trial and on direct appeal, and thus were not cognizable in a habeas petition. Because the procedural default rule set forth in Slayton constitutes an adequate and independent state-law ground for decision, these claims are procedurally defaulted and barred from review by this Court. See Harris, 489 U.S. at 260.

Absent a showing of cause and prejudice or actual innocence, the only miscarriage of justice recognized as sufficient to excuse procedural default, this Court may not review a barred claim. See Roach v. Angelone, 176 F.3d 210, 211 (4th Cir. 1999). To establish cause for a procedural default, a petitioner must demonstrate that some "objective factor" external to his defense impeded him from complying with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). Here, despite having filed numerous lengthy and repetitive oppositions to respondent's Motion to Dismiss, Hicks has not directly addressed cause and prejudice. The closest statement by Hicks that could be construed as an attempt to show cause and prejudice is

his assertion, without elaboration, that "the Slayton v. Parrigan rule is inconsistently applied and therefore has no value in this proceeding as to any of the claims." Dkt. #38, p. 4. Hicks does not explain why Slayton does not apply to his case, and thus claims B, C, and D are procedurally barred from federal review and will be dismissed.

## IV. Analysis

In claim A, Hicks argues that he received ineffective assistance of trial counsel. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created

7

the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

In claim A(1), petitioner alleges that trial counsel was ineffective for failing to present "evidence of affirmation-no assault no abduction." The Supreme Court of Virginia examined this claim and found that the claim satisfied neither Strickland prong. As the court noted, petitioner failed to suggest the evidence that counsel should have offered and failed to articulate how he was prejudiced by counsel's actions.[2] This holding is not an unreasonable interpretation of Strickland. The record clearly indicates that the weight of the evidence against Hicks was overwhelming, and several eyewitnesses testified to observing Hicks assault Fulton on multiple occasions. Even if trial counsel had put on the evidence that Hicks proffered, it is highly unlikely that the evidence would have changed the outcome of the trial. Accordingly, this Court cannot disturb the Supreme Court of Virginia's finding as to claim A(1). Williams, 529 U.S. at 412-13.

In claim A(2), petitioner argues that trial counsel was ineffective for abandoning a verified alibi defense and instead arguing that the shooting was accidental. In his state habeas petition, Hicks appears to have raised this argument as claim A(ix), which the court described as

---

[2] Although petitioner appears to assert prejudice several times in the instant federal filing, this Court's role is to review the reasonableness of the Supreme Court of Virginia's finding, McLee, 967 F. Supp. at 156, so petitioner's assertion of prejudice in the instant case is insufficient to justify habeas relief. Williams, 529 U.S. at 412.

8

a claim of ineffective assistance of counsel for raising the wrong arguments in a motion to strike. The Supreme Court of Virginia found that petitioner had not demonstrated that counsel's performance was deficient or that there was a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. The court observed the following:

> "The record, including the trial transcripts, demonstrates that the victim was shot several times with a .22 caliber sawed-off shotgun, petitioner was seen with .22 caliber bullets, and petitioner admitted to police that he had shot the victim, although he claimed the shooting was accidental. The affidavit of counsel demonstrates that counsel did not believe [she] could plausibly argue that petitioner was not the perpetrator and, instead, raised the most viable argument in the motion to strike by arguing that the evidence did not prove the premeditation necessary for first-degree murder.

Hicks, R. No. 082103, at 6. The Supreme Court of Virginia's finding was not an unreasonable application of Strickland, and thus we cannot disturb that decision.

In claim A(3), petitioner argues that counsel was ineffective for not presenting evidence to corroborate petitioner's testimony that he called the victim's mother from a payphone at a 7-Eleven store after 8:00 PM, which would help him establish an alibi for the shooting. The Supreme Court of Virginia found that this claim satisfied neither the cause nor prejudice prong of Strickland. As the court observed, the affidavit of petitioner's attorney demonstrates that she did attempt to secure those phone records, but that they did not exist. Antoun Aff. ¶ 4. Moreover, petitioner admitted several times that he shot the victim, and considering the weight of the evidence against petitioner, Hicks cannot demonstrate that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would be different. Accordingly, we cannot disturb the Supreme Court of Virginia's finding as to claim A(3).

In claims A(4) and (5), petitioner alleges ineffective assistance of counsel for failing to impeach and perjure a witness, Detective Milesfky. In addressing these claims, the Supreme

9

Court of Virginia found no cause or prejudice because Hicks failed to proffer the questions he believes counsel should have posed, or what Milefsky's responses would have been. Moreover, as respondent notes, counsel did question Milefsky throughout the trial. (See, e.g., Trial Tr. 2, 280-83, 288-89.) Thus, the Supreme Court of Virginia's interpretation of Strickland was not unreasonable.

In claim A(6), petitioner argues that counsel was ineffective for failing to move to suppress the Commonwealth's evidence "on burden of proof grounds." It appears that, like the instant federal claim A(2), this claim is the same claim addressed by the Supreme Court of Virginia as claim A(ix). In dismissing that claim, the court noted the weight of the evidence against petitioner. It also cited counsel's affidavit, in which she stated that she could not plausibly argue that petitioner was not the perpetrator and thus raised the most viable arguments she could instead. As discussed above, the evidence overwhelmingly supports the trial court's finding that Hicks murdered Fulton, and thus the Supreme Court of Virginia's decision as to this claim will not be disturbed.

In claim E, petitioner argues that the trial court abused its discretion in (1) permitting the Commonwealth to question a witness as an adverse witness, (2) admitting an autopsy photograph of the fetus, (3) not properly instructing the jury on the limited purpose for which the evidence could be considered, and (4) admitting certain bad acts evidence that was unduly prejudicial. Violations of state law and procedure, which do not infringe specific federal constitutional protections are not cognizable under § 2254. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (declining to review state decision of state evidentiary issue); see generally Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998) ("a challenge to Virginia's state habeas corpus proceedings

cannot provide a basis for federal habeas relief"). Accordingly, because claim E merely challenges a Virginia court's application of Virginia law, it will be dismissed.

## IV. Petitioner's Motions

Petitioner has filed motions (1) requesting permission to supplement his response to the Motion to Dismiss, (2) requesting the Court to compel respondent to provide transcripts, (3) requesting a federal habeas hearing, and (4) requesting (for the second time) appointment of counsel. Regarding petitioner's request to file an additional response to the Motion to Dismiss, Petitioner included his proposed response to the Motion to Dismiss along with his request, and the Court considered it. Thus, the first motion will be granted. Petitioner's motion for transcripts will be denied. The Court has received all the information it needs to decide the case, and based on petitioner's filings to date, he clearly has all the information he needed to respond adequately to the Motion to Dismiss. Petitioner's third motion will also be denied, because petitioner has shown no reason why a hearing is necessary or why the case cannot be decided solely on the pleadings. At this juncture, it is apparent that a hearing is unnecessary to adjudicate petitioner's claims.

Regarding petitioner's request for counsel, there is no Sixth Amendment right to counsel to pursue a petition for habeas corpus. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("[S]ince a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, . . . he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process."). However, a court may provide counsel for an indigent inmate pursuing a petition for habeas corpus when "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(2)(B). Rule 6(a) of the Rules Governing § 2254 Cases provides that a court may appoint counsel if it is "necessary

11

for effective utilization of discovery procedures." Rule 8(c) mandates that counsel be appointed only "[i]f an evidentiary hearing is required." Moreover, the Fourth Circuit has limited the appointment of counsel to cases where "exceptional circumstances" exist, such as when a case is particularly complex or a litigant is unable to represent himself adequately. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). Here, as stated above, a hearing is not necessary. Furthermore, it is clear from the petition and additional pleadings that petitioner is able to represent himself adequately in this matter. Therefore, petitioner's Motion for Appointment of Counsel will be denied.

### V. Conclusion

For the foregoing reasons, this petition must be dismissed. An appropriate Order shall issue.

Entered this 12th day of August 2010.

Alexandria, Virginia

/s/ _____
Liam O'Grady
United States District Judge